UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ENMANUEL MONTILLA MARTINEZ,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY CORRECTIONS CENTER, et al.,

Respondents.

No. 1:26-cv-09068-DAD-AC (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On November 3, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 2). On November 3, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before

/////

it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 5, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents fail to distinguish this case from the cases cited in the court's order and maintain that § 1225(b)(2)(A) governs petitioner's detention. (*Id.* at 1.) Nevertheless, respondents concede that the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock,* 183 F.4th 1160, 1165 (9th Cir. 2026) governs petitioner's detention. Respondents argue, however, that the petition should be denied because he should be required to prudentially exhaust his custody review process. (*Id.*) Respondents have not indicated any opposition to this court ruling on the merits of the underlying petition based upon the briefing presently before it and the court will do so.

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Venezuela who first applied for admission to the United States on or about May 6, 2024, at the San Ysidro, California port of entry. (Doc. No. 6-2 at 1–2.) At that time, petitioner was placed into removal proceedings through the issuance of a notice to appear ("NTA") and released into the United States. (Doc. No. 6-2 at 1–4.) Respondents have not specified whether petitioner was released on parole, bond, or his own recognizance. (*Id.*) Following his release, however, on October 28, 2026, petitioner was again encountered by immigration officials at the Davis County Jail in Utah following his arrest for an alleged criminal violation. (Doc. No. 6-1 at 2.) On that same date, ICE re-detained petitioner. (Doc. No. 6-3 at 1.) There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[1]

Although respondents acknowledge that petitioner's detention is governed by § 1226(a) under the Ninth Circuit's decision in *Rodriguez-Vasquez,* they assert that petitioner has not yet

---

[1] Respondents offer evidence that petitioner received a notice of custody determination form (Form I-286) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 6-3 at 1.) However, that evidence does not indicate that a hearing was provided to petitioner prior to or contemporaneously with the issuance of this notice and does not indicate that notice was provided to petitioner before he was re-detained. 8 C.F.R. § 236.1(g)(1).

exhausted his administrative remedies or availed himself of custody redetermination procedures. (Doc. No. 6 at 1.) The court first considers respondents' argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut,* No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

The court next considers petitioner's argument that his re-detention violates due process. Petitioner obtained a liberty interest in his continued release following his initial release, whether it was through parole, bond, or his own recognizance, in May 2024. *See Singh v. Acting Field Off. Dir. of San Francisco Field Off.*, No. 1:26-cv-03976-NW, 2026 WL 2043412, at *2 (E.D. Cal. July 15, 2026) ("Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond."); *Rodriguez v. Mullin*, No. 26-cv-03769-JAO-MSB, 2026 WL 1951629, at * 2–3 (S.D. Cal. July 6, 2026) (finding the petitioner obtained a "a significant liberty interest in remaining out of custody pursuant to his release on bond in 2014" and that his detention absent pre-deprivation notice or a hearing was unlawful); *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5, (E.D. Cal. Dec. 9, 2025) (concluding that the re-detention of a noncitizen who was previously paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026 WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

In light of petitioner's liberty interest in his continued release following his release by immigration officials, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the

petitioners' immediate release. Further, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3–4 (E.D. Cal. Mar. 24, 2026), in which the court concluded that a post-deprivation bond hearing provided months after the petitioner's detention does not satisfy due process where the required pre-deprivation process was not provided. Finally, the court notes that it appears petitioner was detained without a warrant as required by § 1226(a). *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility,* No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (finding that failure to obtain a warrant prior to or contemporaneously with the noncitizen's arrest is a sufficient basis to mandate release).

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Jose Enmanuel Montilla Martinez, A-File No. 244-522-178, under the same conditions he was subject to, if any, prior to re-detaining him on or about October 28, 2026;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;
3. The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

/////

/////

/////

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE